# WAGGONER ESTATE ET AL. v. WICHITA COUNTY ET AL.

### APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 52. Argued December 3, 1926.—Decided January 3, 1927.

1. Under Judicial Code § 238, before the Act of February 13, 1925, a decree of the District Court in a suit wherein its jurisdiction was based on the sole ground that substantial constitutional questions were involved, was appealable directly to this Court. P. 116.

42847°—27——8

2. Where such a decree was appealed to the Circuit Court of Appeals erroneously, but within the time allowed for direct appeal to this Court, an appeal from a decree rendered therein by the Court of Appeals will operate to transfer the case here, to be treated as a direct appeal from the District Court. P. 116.

3. On direct appeal to this Court from the District Court, where the sole ground of the original jurisdiction was constitutional questions, the decision may be limited to either state or federal questions that dispose of the case. P. 116.

4. Whether a royalty interest in an oil and gas lease is realty or personalty is a question of local law. P. 117.

5. Under the particular facts of this case, where lands in Texas were demised for the sole purpose of drilling for gas and oil, the lessee covenanting to deliver free of charge to the lessor one-eighth of all oil or gas produced and to pay seven-eighths of all increase of tax " by virtue of oil or gas," the interest of the lessor is properly taxed as real property. P. 118.

298 Fed. 818, affirmed.

APPEAL from a decree of the Circuit Court of Appeals, 3 F. (2d) 962, which affirmed a decree of the District Court dismissing, after trial, a bill to enjoin collection of a tax. The case is treated as on direct appeal from the District Court on transfer from the Circuit Court of Appeals.

*Mr. George Thompson,* with whom *Mr. J. H. Barwise, Jr.,* was on the brief, for the appellants.

*Mr. T. R. Boone,* with whom *Messrs. E. W. Napier, E. L. Fulton, E. T. Duff,* and *John B. King* were on the brief, for the appellees.

MR. JUSTICE STONE delivered the opinion of the Court.

Appellants, Waggoner, a citizen of Tarrant County, Texas, and the Waggoner Estate, domiciled in Texas, brought suit in the district court for northern Texas against Wichita County, the members of the Board of Equalization, and the Tax Collector of the county to enjoin the collection of a tax stated to be illegally assessed. The bill alleged that the tax contested as illegal

exceeded the jurisdictional amount; that Waggoner at the time of the assessment, January 1, 1923, was the owner of 12,000 acres of oil producing land located in Wichita County; that the land which was transferred after the assessment to appellant, the Waggoner Estate, was subject to certain oil leases under which Waggoner, as lessor, was entitled to receive as royalties one-eighth of all the oil produced; that the Board of Equalization in computing the tax upon the lessor's interest in the oil under his leases, determined that the royalty in the daily production of oil from the leased land, estimated as of January 1, 1923, would be 723 barrels per day and that the total value of such oil was $1,000 per barrel of daily production thus estimated, or $723,000. The bill assailed the tax assessed as illegal and in violation of the due process and equal protection clauses of the Fourteenth Amendment, in that appellant's interest in the oil leases up to $718,300 of the assessed value had been erroneously treated for taxing purposes as real estate in Wichita County, instead of personal property taxable in Tarrant County where the lessor resided; that in valuing this interest appellees had intentionally and systematically applied a higher rate than upon similar property in the county, thus denying appellants the equal protection of the laws guaranteed by the Fourteenth Amendment.

The judgment of the district court dismissing the bill after a trial, 298 Fed. 818, was affirmed on appeal by the Court of Appeals for the Fifth Circuit. 3 Fed. (2d) 962. Both courts held that the interest taxed was realty and hence subject to tax in Wichita County where the leased lands were situated. They held also that the assessment was not discriminatory and did not violate the provisions of the Fourteenth Amendment. Although the tax was assessed on appellant at the rate of $1,000 per barrel on the estimated daily production and the interests of the several lessees in the oil under the various leases were

valued at $450 per barrel, it was held that there was substantial basis for the difference in the rate since the entire expense and risk incident to production were borne by the lessees.

The case comes here on appeal allowed by the Circuit Court of Appeals. The jurisdiction of the district court was invoked on the sole ground that substantial constitutional questions were involved. Hence, a direct appeal should have been taken from the district court to this Court. Jud. Code, § 238, before amended. *Union & Planters' Bank* v. *Memphis,* 189 U. S. 71, 73; *Carolina Glass Co.* v. *Murray,* 240 U. S. 305, 318; *Lemke* v. *Farmers Grain Co.,* 258 U. S. 50, 52. Having been erroneously brought to the Circuit Court of Appeals, the case should have been transferred to this Court. Jud. Code, § 238(a), before the amendment of February 13, 1925. But as the appeal to the Circuit Court of Appeals was allowed within three months after the entry of judgment in the district court, the present appeal will operate effectively to lodge the case in this Court for its decision without the needless ceremony of remanding the case to the Circuit Court of Appeals to enable that court to transfer it back to us for a second consideration. *Wagner* v. *Lyndon,* 262 U. S. 226; cf. *McMillan Co.* v. *Abernathy,* 263 U. S. 438. Treating this as a direct appeal from the district court in a case where the sole ground of its jurisdiction was the construction or application of the Constitution of the United States, we may limit our decision to either federal or state questions which dispose of the case. *Davis* v. *Wallace,* 257 U. S. 478, 482; *Risty* v. *Chicago, R. I. & Pac. Ry.,* 270 U. S. 378, 387.

That there was a basis for discrimination in valuing the lessor's and lessees' interests in the oil is not questioned here. But appellants insist that it was erroneous to tax the lessor's interest as realty in Wichita County instead of personalty taxable in Tarrant County, the residence of the taxpayer. As they rely on the allegation in the bill

that the board intentionally and systematically exempted from taxation other personal property in Wichita County, it is implicit in this contention that the taxing authorities, by treating these interests as realty instead of personalty, denied them the equal protection of the laws. But we find it unnecessary to deal with the constitutional aspect of the question as we conclude that the interest was properly taxable as realty.

Whether realty or personalty is a question of local law upon which the local decisions and statutes control. *Edward Hines Trustees* v. *Martin,* 268 U. S. 458, 462. Under Art. 7510, Complete Tex. Stat. 1920, all real estate is taxable in the county where located.

It is the contention of appellants that by the law of Texas, minerals, including oil in place in the soil may by appropriate deed or conveyance be severed from the remainder of the land and granted in full ownership; that Waggoner by the several leases of the lands in question conveyed the entire interest in the oil to the lessees; hence the royalty provisions in the leases are at most contractual obligations of the lessees to deliver to the lessor a part of the oil when removed from the earth; and that such contractual rights are personalty, taxable in the county of the domicile of the obligee.

Assuming, as appellants contend, that mineral rights may be thus severed and conveyed, *Stephens County* v. *Mid-Kansas Oil & Gas Co.,* 113 Tex. 160; *Texas Co.* v. *Daugherty,* 107 Tex. 227, the question remains whether the present leases purport to convey to the lessees all rights in the oil in the leased lands, or whether they reserve in the lessor an undivided one-eighth share. All the leases are in substantially the same form. They recite that in consideration of a money payment and the lessees' covenants, the lessor leases the described lands " for the sole and only purpose of drilling and mining for gas and oil." The lessees covenant:

"To deliver to the Lessor, free of charge, in the pipe line to which said lease may be connected, the equal one-eighth (⅛) part of all the oil and gas produced on said premises, settlement to be made not later than the tenth day of each month for the preceding month.

"That the Lessee will pay ⅞ of all increase in taxes, by virtue of gas and oil, or either, that may be assessed against said premises."

It is to be noted that the leases contain no words of grant of the minerals as such, but the lands are demised solely for the purpose of drilling and mining. The lessees are in terms given neither title, right of appropriation nor power of disposition of the share of the oil which is to be delivered to the lessor when severed from the soil. The covenant of the lessees to pay ⅞ of all increase in tax "by virtue of gas and oil" is inconsistent with the contention that the lessor retained no interest in the minerals in place in the soil.

In the absence of controlling authority in the Texas courts, we can find in the terms of the leases themselves no basis for the contention that the lessor granted or conveyed away his entire interest in the oil. The case of *Stephens County* v. *Mid-Kansas Oil & Gas Co., supra,* is relied upon by appellants, but in that case the lease, in other respects similar to those now under consideration, provided that the lessee at his option should pay the stipulated royalties in oil or cash. It thus conferred on the lessee the essentials of ownership: possession, with unrestricted power of appropriation and disposition of the oil. The lessee was therefore properly taxed as owner. The considerations which led to that result lead to the conclusion here that the ownership of the royalty oil remained in the lessor who retained the power of disposition and the right to receive possession, and that his interest was properly taxed as realty.

This conclusion is supported by the decision of the Texas courts in *Japhet* v. *McRae*, 276 S. W. 669, indicat-

ing that the lessor's right to an oil lease royalty, although not specifically mentioned, is embraced in a conveyance of the land by the lessor, so that upon the subdivision of the land, the respective grantees acquire the right to the royalty in all oil produced on the granted land. Compare the decision of the Texas courts in *Jones* v. *O'Brien,* 251 S. W. 208; *O'Brien* v. *Jones,* 274 S. W. 242, for the application of the statute of frauds to sales of the lessor's interest in leased lands. See also *United States* v. *Noble,* 237 U. S. 74, 80; *Barnsdall* v. *Bradford Gas Co.,* 225 Pa. St. 338, 343.                              *Judgment affirmed.*