**BIBB et ux. v. NOLAN et al.   (No. 633.)**

Court of Civil Appeals of Texas. Waco.
April 19, 1928.

Rehearing Denied May 17, 1928.

1. Mines and minerals ⚙══54(2)—Conveyance by warranty deed subsequent to execution of oil and gas leases, subject to such leases, divested grantor of all interest in land.

Where landowner, after execution of oil and gas leases, conveyed land by general warranty deed subject to such leases, *held* that he had no interest therein, since owner of real estate, conveying by warranty deed, conveys, not only the surface rights, but all interest which he may own in or to mineral estate.

2. Mines and minerals ⚙══54(2)—After conveyance by warranty deed subject to oil and gas lease, if lease is forfeited, mineral estate reverts to one owning surface rights.

Where owner of real estate executes and delivers standard oil and gas lease on his land, which is duly recorded, and thereafter, by general warranty deed, conveys said land, purchaser thereof takes same subject to terms of said

---

⚙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

oil and gas lease contract, but, if oil lease is thereafter forfeited, mineral estate reverts to, and becomes property of, owner of surface rights at time same is forfeited.

**3. Quieting title** &#x21da;**43—Testimony showing grantor in warranty deed did not intend to convey mineral estate held inadmissible where mistake, accident, fraud, or ambiguity was not pleaded.**

Where owner of real estate conveying same by warranty deed, subject to oil and gas leases, sought to show by testimony that he did not intend to convey mineral estate, but that he intended to hold same, *held* that such testimony was inadmissible, since it was not asserted in pleading that there was any mistake, accident, or fraud committed at time deed was executed, or that deed was ambiguous.

Appeal from District Court, Henderson County; Ben F. Dent, Judge.

Suit by Ione Adamson Nolan and husband against W. Lindsay Bibb and wife. Judgment for plaintiffs, and the defendants appeal. Affirmed.

J. S. Simkins, of Corsicana, for appellants.
I. W. Keys, of Mexia, for appellees.

BARCUS, J. In January, 1922, T. W. Adamson, by general warranty deed, conveyed to appellant W. Lindsey Bibb about 400 acres of land. During the years 1923 and 1924 appellant, by four separate leases on the standard 88 form, leased portions of said land for oil and gas purposes to four different parties, retaining the usual one-eighth royalty interest. In March, 1924, appellants by general warranty deed conveyed the 400 acres of land to appellee Mrs. Nolan. Said deed recites that same is made subject to the terms of the four oil and gas leases (naming them) which appellants had given on said land. In December, 1925, appellants filed for record what they termed a declaration of interest on their part, alleging, in substance, that they owned the oil and gas in and under said land, and were claiming the same. This suit was instituted by appellees to remove the cloud from the title to said property caused by the recording of said declaration of interest. The cause was tried to the court, and resulted in judgment being rendered for appellees, removing said cloud, and adjudging and decreeing that appellants had no interest in and to said land or the minerals therein or thereunder.

[1] Appellants present only three propositions. Under the first they contend the trial court was in error in holding that, under the terms of the deed which they executed and delivered to Mrs. Nolan, they parted with all of the title which they had in and to both the land and the oil and minerals in or under the same. We overrule this contention. The deed is a general warranty deed, and conveys all of the interest which appellants had in or

to the land, subject to the terms of the oil leases which they had theretofore executed. Each of the oil leases which they had executed recites:

"If the estate of either party hereto is assigned—and the privilege of assigning in whole or in part is expressly allowed—the covenants hereof shall extend to their heirs, executors, administrators, successors or assigns."

The deed does not in any way purport to retain any portion of the mineral estate in the grantors. The only effect of the recitation in the deed that same was conveyed subject to the existing oil and gas leases was that the grantee Mrs. Nolan accepted the title with knowledge that said lease contracts were in existence, and that appellants to that extent would not be liable on their warranty. If the recitation had not been in the deed, as was held in Stephenson v. Glass (Tex. Civ. App.) 276 S. W. 1110, the purchasers, if they had knowledge thereof, would have taken same subject to all oil and gas leases that might have been in existence at the time they accepted same. Where the owner of real estate conveys by warranty deed all of his interest therein without reservation, he conveys, not only his surface rights, but all of the interest which he may own in or to the minerals or the mineral estate. Japhet v. McRae (Tex. Com. App.) 276 S. W. 669; W. T. Waggoner Estate v. Wichita County, 273 U. S. 113, 47 S. Ct. 271, 71 L. Ed. 566; Hill v. Roberts (Tex. Civ. App.) 284 S. W. 246; Hager v. Stakes, 116 Tex. 453, 294 S. W. 835.

[2] Where the owner of real estate executes and delivers a standard oil and gas lease on his land, which is duly recorded, and thereafter by general warranty deed conveys said land, the purchaser thereof takes same subject to the terms of said oil and gas lease contract; and, if the oil lease is thereafterwards forfeited, the mineral estate reverts to, and becomes the property of, the owner of the surface rights at the time same is forfeited. Robinson v. Jacobs, 113 Tex. 231, 254 S. W. 309; Caruthers v. Leonard (Tex. Com. App.) 254 S. W. 779. Before appellants, in March, 1924, executed and delivered their general warranty deed conveying their interest in the property to Mrs. Nolan, they owned the record title to the land, subject to the terms of the leases which they had theretofore executed. Under the terms of said leases, they had conditionally conveyed seveneighths of the mineral estate, which would revert to the owner under certain conditions, and under other conditions the owner of the land would obtain one-eighth of the oil produced therefrom. The warranty deed executed by appellants, which is plain and unambiguous, conveyed to Mrs. Nolan all of appellant's interest in said land. It does not reserve to appellants any of the mineral estate.

[3] Appellants contend that the trial court

was in error in refusing to permit appellant W. L. Bibb to testify that, at the time he executed and delivered the deed in March, 1924, to Mrs. Nolan, he did not intend to convey the mineral estate, but that he intended to hold same to secure the payment to him of certain fees which he claimed Adamson owed him. We overrule this assignment. Appellants in their pleading do not allege or suggest that there was any mistake, accident, or fraud committed at the time the deed was executed. Neither do they allege or suggest there is any ambiguity in the deed. Said testimony was an effort on the part of appellants to vary the terms of a written document without any pleadings to support same.

We have examined all of appellants' assignments of error and propositions thereunder, and same are overruled. The judgment of the trial court is affirmed.