## ANDERSON v. VANNERBERG et al.
### No. 11870.

Court of Civil Appeals of Texas. Galveston.
May 8, 1947.

Rehearing Denied May 29, 1947.

Lester Settegast, of Houston, for appellant.

Cline & Cline, of Wharton, for appellee.

CODY, Justice.

This was an action in trespass to try title to certain lands in Wharton and Calhoun counties, and a suit to partition same, which was brought by the executor of, and all except one of the devisees under, the will of A. J. Ossian, deceased, as plaintiffs, against Emanuel Anderson and wife, Lydia Anderson. The said Lydia Anderson is a surviving daughter of the said A. J. Ossian, and a devisee under his will, being his only devisee who is not a plaintiff herein. Only Emanuel Anderson filed an answer, and he will hereafter be referred to as defendant. The defendant in effect disclaimed all interest in the land in question except the fee to the mineral estate in the Wharton County land. In the branch of the suit which related to partitioning the land among the devisees under the will of the aforesaid testator there was no contest. The case was tried without a jury. The judgment which was rendered, in so far as it related to the action in trespass to try title, awarded the title and possession to plaintiffs. The defendant has appealed from the judgment in so far as it awarded title and the right of possession to the mineral estate in the Wharton county land. No conclusions of law and fact were requested or filed.

Plaintiffs' petition, in so far as it presented an action in trespass to try title to the mineral estate in the Wharton County land (and, as stated, there was no contest with respect to the remainder of the suit), alleged in substance:

That on October 21, 1909, their testator, A. J. Ossian, as the owner of the Wharton County land, entered into a written contract with defendant, by which he bound himself to convey, by general warranty deed, the Wharton County land to defendant in consideration of the payment of $12,584, of which the sum of $2,584 was recited as paid, and the balance of the consideration was evidenced by five of defendant's promissory notes, each for the principal sum of $2,000, which promissory notes by their terms matured in their consecutive order on January 1, 1911, 1912, 1913, 1914, and 1915, respectively. Plaintiffs further alleged that on December 11, 1919, their testator, in order to aid defendant in making mineral leases on the land, the better to be able to pay the balance due on the contract of purchase, executed an instrument by the terms of which, and as a part of the contract of purchase, he conveyed to defendant the minerals in and under the land upon the condition that the income from any mineral lease should go to testator until the sum of $10,000 was paid on the contract of purchase, but that testator had and retained an equitable vendor's lien on the mineral interest so conveyed to secure the payment of said balance, "and said conveyance was made and placed of record as an inducement to said defendant to remain on said land and pay the bal-

ance of the purchase money under said contract, * * *" Plaintiffs further alleged that defendant failed to pay the $10,000, or any part thereof, and that about 1924 defendant surrendered the contract of purchase and their testator surrendered his rights under the promissory notes, and accepted the land in satisfaction thereof, and that "thereby the said mineral conveyance became cancelled and no longer effective, it being a part of the original contract of sale, * * *"

The case was tried under the agreement that plaintiffs' testator A. J. Ossian, was the common source of title.

Plaintiffs introduced testator's will, together with evidence showing that their testator was dead, and that his will had been duly probated, and his will disclosed that he had devised the Wharton County and Calhoun County land to the devisees named therein.

In support of their affirmative allegations, claiming that the mineral conveyance formed a part of the contract under which defendant purchased the Wharton County land so as to make the rescission of said contract of purchase work a cancellation of the mineral conveyance, the plaintiffs introduced the following evidence:

(1) The contract of purchase aforesaid dated October 21, 1909, which was not acknowledged and had not been recorded.

(2) The mineral deed aforesaid, which had been recorded in the deed records of Wharton County as alleged by plaintiffs, and a copy of which (omitting the metes and bounds description of the land, and the acknowledgments), is hereafter set forth.

(3) The testimony by defendant: He testified in response to interrogations of plaintiffs as to the contract of purchase; and that he had never paid the balance of $10,000; and that in the year 1924 he surrendered the written contract of purchase and the possession of the premises to the testator, who surrendered the notes to defendant, and that the contract of purchase was thus orally rescinded. Defendant further testified that he did not know at the time said contract was rescinded of the existence of the mineral conveyance, and that no mention thereof was made at the time of said rescission. Defendant testified that he did not learn of the existence of the mineral conveyance until the year 1934; that he learned thereof by a man coming to him to lease the oil rights in the land; that he thereupon went and investigated the deed records, and found that the mineral deed was recorded; that he then promptly granted an oil lease thereon, and collected in money therefor the sum of $1,200; that when said lease expired he granted another lease of the minerals, and collected in money therefor the sum of $800. That the testator was living when he so learned of the existence of said mineral conveyance.

The defendant himself also formally introduced the mineral deed, which, in part, reads:

"County of Montgomery
"State of Iowa.

"Know All Men by These Presents:

"That we, A. J. Ossian and wife, Emma Ossian, of the County of Montgomery, and State of Iowa, for and in consideration of Five Dollars ($5.00) cash in hand paid by Emanuel Anderson of the County of Wharton and State of Texas, the receipt of which is hereby acknowledged, and other good and valuable considerations, have granted, sold, transferred, assigned and conveyed, and by these presents do grant, sell, transfer, assign and convey, unto the said Emanuel Anderson all the oil, gas and mineral rights in, to, and under the following described real estate, together with the rights of egress and ingress for the purpose of developing the same, to-wit:

* * * * * *

"To have and to hold the same unto the said Emanuel Anderson, his heirs, and assigns forever, together with all and singular the rights and appurtenances thereto in anywise apper..... or belonging.

"It is understood and agreed and is a part of the consideration supporting this conveyance that all royalties accruing from any lease of the oil, gas and mineral rights hereby conveyed shall be paid to the grantors herein, their heirs, assigns, executors

and administrators, until such royalties so paid amount to Ten Thousand ($10,000.00) Dollars and such payments shall be credited to the payment of the amounts still unpaid by the said Emanuel Anderson, on a contract of sale agreement, dated the 21st day of October A. D. 1909, executed by the said A. J. Ossian and Emanuel Anderson, providing for the sale and conveyance to the said Emanuel Anderson by proper instrument of conveyance of the lands hereinafter described.

"Witness our hands, this the 11th day of December A. D. 1919.

"A. J. Ossian
"Emma Ossian."

As will be noted, there is no conflict in the evidence.

The defendant predicates his appeal upon five points, which are to the effect:

1. That the undisputed evidence showed as a matter of law that the mineral conveyance vested the title to the minerals in defendant.

2. That the undisputed evidence showed as a matter of law that plaintiffs' testator delivered and intended to deliver the mineral conveyance to defendant.

3. That the undisputed evidence showed as a matter of law that defendant accepted said mineral conveyance.

4. That the trial court erred by, in effect, holding that by rescinding the contract for the purchase of land, defendant divested himself of the title to the minerals.

5. That the trial court erred in awarding title to the minerals to plaintiffs in the face of a recorded deed of conveyance from the common source to defendant.

The plaintiffs' counter-points are as follows:

1. There was no error in holding that there was no delivery of the mineral deed to defendant, because said deed was never placed in his possession, nor was he ever notified of its execution.

2. The court properly held that the surrender of the contract was in settlement of the implied lien for purchase money, and vested title in A. J. Ossian and wife, not only of the land but of the minerals thereunder.

Opinion.

It would appear that plaintiffs have affirmatively or specially pled their title from A. J. Ossian, the common source. In that connection they pled (1) that their said testator entered into a written contract whereby the defendant agreed to purchase said land; and (2) on December 11, 1919, that, during the life of said contract of purchase, said testator executed an instrument by the terms of which, and as a part of the contract of purchase, he conveyed to defendant the minerals in the land upon the condition that the income from any mineral lease should go to testator until the sum of $10,000 was paid on the contract of purchase, but that said testator retained an equitable vendor's lien on the mineral interest so conveyed to secure the payment of said sum, and that defendant failed to pay said sum or any part thereof, and that said contract of purchase was mutually rescinded in 1924, and that testator "accepted said land in full satisfaction * * * and thereby the said mineral conveyance likewise became cancelled and no longer effective, it being a part of the original contract of sale. * * *"

■ Having specially pled their title the burden was on plaintiffs to prove such title so pled. See Snyder v. Nunn, 66 Tex. 255, 18 S.W. 340. By their pleadings plaintiffs asserted that their testator conveyed the minerals in the Wharton County land to defendant by the mineral deed, dated December 11, 1919. In support of said pleading plaintiffs introduced the mineral deed in evidence. Defendant did not contest plaintiffs' said allegations and proof of such conveyance of the minerals to him. He insisted on it. The contest was therefore narrowed as to whether the oral rescission of the contract of purchase effected a reverting of the title to the minerals to testator. We have concluded that the mineral deed by its terms was an absolute conveyance of the mineral estate in the land, except in so far as the testator reserved the royalties.

■ The written contract of purchase left the testator vested with the superior title to the land, and an equitable vendor's lien to secure the unpaid purchase price.

That is to say, after the execution and delivery of the written contract of purchase and sale, the title to the fee simple estate, less the interest which was vested in defendant, remained in the testator. Subject to the interest of defendant (which included the right to pay off the purchase money and become vested with the fee simple estate) the testator could, by deed, convey his interest in the land to whomsoever he pleased. It is well settled that minerals in place are realty, and as such are subject to ownership, severance and sale. Hager v. Stakes, Tax Collector, 116 Tex. 453, 471, 294 S.W. 835. Since the testator and defendant between them owned the title to the fee simple estate in the Wharton County land, a deed from testator to defendant, conveying the minerals, vested in the defendant the fee simple title to the mineral estate (subject to a reservation hereafter noticed).

The allegations of plaintiffs' petition were to the effect that it was intended by the deed to vest in defendant the title to the minerals so as to enable defendant to grant mineral leases thereon. If the terms of the deed were such as to vest a title to the mineral estate by which defendant could grant mineral leases thereon free and clear of any lien securing the payment of aforesaid purchase price, then it is too clear to require discussion that said mineral deed vested in defendant the title to the minerals (subject to the reservation aforesaid) free and clear of any equitable vendor's lien.

The reservation, subject to which the minerals in the land were granted to defendant, was in this language:

"It is understood and agreed and is a part of the consideration supporting this conveyance that all royalties accruing from any lease of the oil, gas or mineral rights hereby conveyed shall be paid to grantors herein * * * until such royalties so paid amount to Ten Thousand ($10,000.00) Dollars and such payments shall be credited to the payment of the amounts still unpaid by the said Emanuel Anderson, on a contract of sale agreement. * * *"

■■ The effect of said reservation was to make any lessee from defendant accountable to testator for the royalties "accruing from any lease of the oil, gas and mineral rights." And in case of production of oil, if a lessee were to pay the royalties to defendant, such payment would not discharge the lessee's liability therefor to testator, or his successors in interest. The mineral deed vested the absolute title to the minerals in the defendant, less said reservation, so that a lease from him would not be subject to being cut off by a foreclosure of testator's equitable vendor's lien under the contract of purchase. As to the nature of the interest retained by testator in the mineral deed, see McCurdy v. Harry L. Edwards Drilling Co., Tex.Civ.App., 198 SW.2d 609; McLean v. State, Tex.Civ.App., 181 S.W.2d 725, writ refused; Stanolind Oil & Gas Co. v. State, Tex.Civ.App., 199 S.W.2d 531, writ refused.

■ Since the mineral deed vested the absolute title to the minerals in defendant, less the aforesaid reservation, the only way by which he could voluntarily divest himself of the title thereto would be by a deed containing words sufficient to operate as a conveyance of land. Hager v. Stakes, Tax Collector, supra, citing W. T. Waggoner Estate v. Wichita County, 273 U.S. 113, 47 S.Ct. 271, 273, 71 L.Ed. 566; States Oil Corporation v. Ward, Tex.Com.App., 236 S.W. 446. Therefore, the oral rescission of the contract of sale was insufficient to vest the title to the minerals in the testator. We are of opinion that plaintiffs failed to prove the title to the mineral estate to which they confined themselves by their special pleading thereof. And, since plaintiffs in trespass to try title must recover, if at all, upon the strength of their title, we are of the opinion that the court erred in the judgment in so far as the judgment awarded plaintiffs title to the mineral estate in the Wharton County land. Of course plaintiffs were entitled to recover title to the interest reserved in the mineral deed.

■ As indicated above, it is our view that plaintiffs by their pleadings confined themselves to such title in the minerals as revested in their testator, after he had conveyed same to defendant, when the contract of purchase was orally rescinded. Under this view, defendant was relieved of any

burden to prove that the mineral estate was vested in him by the mineral deed of December 11, 1919. But if we are mistaken in this view, a complicated situation is presented, one which the parties to this appeal have not discussed. And since they have not expressed their views with respect thereto heretofore, they may care to do so on motion for rehearing. Said situation is discussed in what follows.

If, notwithstanding their pleading specially their title, plaintiffs can contest whether the mineral deed ever in fact became effective, then the evidence that defendant never learned of the mineral deed until 1934, and hence could not have accepted same prior to said date, would be available to plaintiffs. And if the absolute title to the mineral estate had not vested in defendant prior to the oral rescission in 1924, there was nothing to prevent the title to the fee simple estate revesting in plaintiffs' testator upon such rescission.

But it does not follow, even under this view, that the mineral conveyance did not take effect in 1934. Plaintiffs' allegations, as against them, established that the mineral deed was deposited by testator for recording. And where it is made to appear that the grantor deposited a deed for recording, such proof, prima facie, established a delivery of the deed to grantee. Koppelmann v. Koppelmann, 94 Tex. 40, 44, 57 S.W. 570. The defendant accepted the conveyance as soon as he learned of it, which was soon enough. See Taylor v. Sanford, 108 Tex. 340, 193 S.W. 661, 5 A.L.R. 1660; Ford v. Hackel, 124 Tex. 402, 77 S.W.2d 1043. We fail to see why the conveyance of the minerals would not become absolute in 1934, when it was accepted.

The judgment is reversed in so far as it awarded plaintiffs title to the minerals in the Wharton County land, except as to the royalties reserved in the mineral deed to plaintiffs' testator, his heirs, etc., and here rendered that as to said mineral interest that plaintiffs take nothing. Except as so reversed and rendered, the judgment is affirmed.

In part affirmed and in part reversed and rendered.