## JONES v. O'BRIEN. (No. 432–3800.) *

(Commission of Appeals of Texas, Section A. May 16, 1923.)

**1. Frauds, statute of ⊚⟳146—Petition for breach of contract held good as against general demurrer on the ground that it alleged contract not in writing for sale of real estate.**

A petition alleged plaintiff had a contract to buy one-half interest in one-eighth royalty, provided for in certain oil and gas leases, covering a tract of 644 acres, to which petition an exhibit thereof was attached, which, after describing the leases and the land, had two clauses, by one of which it was agreed that the sale was made subject to the terms of the lease, but included one-half of the oil and gas royalty and rentals due to be paid under the leases, and by the other of which it was agreed that one-half the rentals which may be paid to extend the term in which a well may be begun was to be paid to grantee, and in the event of forfeiture an undivided one-half of the lease interest and all future rentals for oil and gas privileges was to be owned by grantee, etc. It then alleged details of an agreement with defendant under which it was claimed defendant agreed to purchase "said undivided one-half interest in said one-eighth royalty in and to the above-described 644 acres of land," and otherwise frequently referred to the subject of the contract as "said royalty," or "his said royalty." *Held*, that the contract exhibited dealt with royalty entirely separate and distinct from the mineral interest contingent on a forfeiture, so that plaintiff could negotiate a sale of either or both interests, and, viewing the petition as a whole, it could be reasonably construed as intending to allege the only subject of the contract sued on was an interest in the royalty, as commonly understood, i. e., an interest in the oil after separation from the soil or its money value, and hence it was good as against a general demurrer based on contention that the contract sued on was not in writing, and was for sale of an interest in real estate unenforceable under the statute.

**2. Frauds, statute of ⊚⟳72(1)—Statute inapplicable to contract for sale of royalties under oil and gas lease.**

The statute has no application to a contract for the sale of royalties under an oil and gas lease, royalties being personalty.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by J. H. O'Brien against Morgan Jones. Judgment dismissing the case on demurrer was reversed and remanded by the Court of Civil Appeals (239 S. W. 1013), and defendant brings error. Affirmed as recommended by the Commission of Appeals.

Wagstaff, Harwell & Wagstaff and H. N. Hickman, all of Abilene, for plaintiff in error.

S. O. Padelford, of Fort Worth, and Cunningham & Oliver, of Abilene, for defendant in error.

GERMAN, J. J. H. O'Brien sued Morgan Jones in the district court of Taylor county, Tex., to recover damages for breach of contract to purchase an undivided one-half interest in and to a one-eighth royalty, provided for and contained in certain oil and gas leases covering a tract of 644 acres. He alleged that he had a contract to buy said one-half interest in said one-eighth royalty from one J. J. Hand, setting out the terms of the agreement with Hand, and attached as an exhibit to his petition the contract of conveyance by Hand. This contract, after describing certain leases and the land covered by same, has these clauses:

"Said land now being under lease for oil and gas executed in favor of Texas & Pacific Coal Company and William Bell & Co., and it is agreed and understood that this sale is made subject to the terms of said lease, but covers and includes one-half of the oil and gas royalty and rentals due to be paid under the terms of the said leases.

"It is agreed and understood that one-half of the money rentals which may be paid to extend the term in which a well may be begun under the terms of the said lease is to be paid to the said grantee, and in event the above-described lease for any reason becomes canceled or forfeited, then in that event an undivided ½ of the lease interest and all future rentals on said land for oil and gas privileges shall be owned by the said grantee, he owing ½ of all oil and gas in and under the said land, together with ½ interest in future rents."

He then alleged the details of his agreement with Jones, under which he claimed that Jones "agreed, contracted, bound and obligated himself to purchase said undivided one-half interest in said one-eighth royalty, in and to the above described 644 acres of land."

In the petition the contract between Hand and O'Brien is referred to in this language:

"A copy of said conveyance and assignment is made a part of this amended petition and marked 'Exhibit C,' and referred to for the contents thereof."

He further alleged the facts upon which he relied for breach of the contract and as constituting the basis of his damages.

Jones presented a general demurrer to the petition, based upon the contention that the contract between him and O'Brien was not in writing, that it was for the sale of an interest in real estate, and was therefore unenforceable under the statute of frauds. The trial court sustained this demurrer and dismissed the case at the cost of O'Brien. The Court of Civil Appeals at El Paso reversed and remanded the judgment of the trial court. 239 S. W. 1013.

The contentions of the parties may be briefly stated as follows:

Plaintiff in error asserts that the conveyance from Hand to O'Brien was for a min-

eral interest in the land, a parol sale of which would be inimical to the statute of frauds, and that the petition of defendant in error shows that the subject-matter of the contract between O'Brien and Jones was all the interest O'Brien was to acquire under this conveyance.

Defendant in error vigorously asserts that all the contract between him and Jones dealt with was the one-half interest in the one-eighth royalty, and not the mineral interest in the land; and royalty being personalty, the contract did not violate the statute of frauds.

It is admitted that if the contract with Jones was for a sale of "royalty pure and simple," it was not subject to the objection urged; but it is earnestly insisted that because the conveyance from Hand to O'Brien showed the sale of a mineral interest as well as the royalty, and it was attached and referred to as an exhibit to the petition, this would control the allegations of the petition; and thus it was shown that O'Brien and Jones contracted for the sale of the entire subject-matter of the assignment from Hand to O'Brien.

[1] We think it clear that the conveyance from Hand to O'Brien dealt with the one-eighth royalty provided for in the leases as entirely separate from the contingent or prospective mineral interest to which Hand was entitled in view of a probable forfeiture of the leases. In other words, the contract between Hand and O'Brien undertook to describe and convey two distinct interests: First, royalty; and, second, a contingent mineral interest in the land. This being true, O'Brien had a right to negotiate for a sale of either or both of these interests.

It will be observed that defendant in error did not allege that the conveyance from Hand was attached for the purpose of identifying or more fully describing the subject-matter of the contract between him and Jones. As we construe the pleading, the conveyance was attached for the purpose of showing that he had a prospective interest in the subject-matter he and Jones were contracting about and had a right to contract with reference thereto.

It is true the petition might be construed to mean that O'Brien intended to sell to Jones his entire interest in the subject-matter of the conveyance from Hand, and there are some intimations in the petition to so indicate. However, the petition is not necessarily subject to this construction, and it is unnecessary to discuss the probable results if this had been true. Viewing it in all its parts and looking to the multitudinous references to the subject of the contract between O'Brien and Jones as "said royalty" or "his said interest in said royalty," we think the petition is very reasonably susceptible of the construction that defendant in error intended to allege that the only subject of the contract between him and Jones was the interest in the one-eighth royalty, as commonly understood; that is, an interest in the oil after being separated from the soil and placed in pipe lines or other depositories, or an interest in the money value thereof. As against a general demurrer we think the petition should be given this construction as coming within its intendments. Upon a trial, if it should be found as a matter of fact that the parties were contracting with reference to the entire subject-matter of the conveyance from Hand to O'Brien, plaintiff in error may urge all such rights as he may have under the statute of frauds, as applied to that character of contract.

The cases cited by plaintiff in error as conflicting with the opinion of the Court of Civil Appeals have no application whatever. In those cases the exhibits attached were the identical instruments or contracts declared upon as the basis of the cause of action. Here, the exhibit had nothing to do with the cause of action, but was attached merely to show defendant in error's right or interest in the matter they were negotiating about.

[2] Construing the petition as alleging a contract relating to personalty, the statute of frauds has no application.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.