### O'BRIEN v. JONES.   (No. 1765.)

(Court of Civil Appeals of Texas. El Paso. May 28, 1925. Rehearing Denied June 18, 1925.)

1. **Appeal and error** ⬤⟞1028—**Errors harmless, where no other verdict and judgment could have been properly returned and rendered under evidence.**

Where, under the evidence, no other verdict nor judgment, except that returned and rendered, could have been properly returned and rendered, errors, if any, are harmless.

2. **Frauds, statute of** ⬤⟞158(4)—**Evidence held to show that oral contract sued on was for conveyance of mineral interests and unenforceable under statute.**

Evidence *held* to show that oral contract, for breach of which plaintiff is seeking damages, was for sale by plaintiff of entire mineral interest which plaintiff acquired under conveyance from another, and contract, being oral, was unenforceable under Rev. St. art. 3965.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by J. H. O'Brien against Morgan Jones. Judgment for defendant, and plaintiff appeals. Affirmed.

Cunningham & Oliver, of Abilene, and S. C. Padelford, of Fort Worth, for appellant.

Wagstaff, Harwell & Wagstaff and Davidson & Hickman, all of Abilene, for appellee.

HIGGINS, J. The opinion of this court upon a former appeal in this case appears in 239 S. W. 1013. The judgment of the lower court sustaining a general demurrer to O'Brien's petition was reversed. A writ of error was granted, and the judgment of this court affirmed in an opinion by the Commission of Appeals reported in 251 S. W. 208. The opinions upon the former appeal disclose the nature of the suit and of the conveyance from Hand to O'Brien, and same are here referred to for that purpose.

In the opinion of the Commission of Appeals it was said:

"We think it clear that the conveyance from Hand to O'Brien dealt with the one-eighth royalty provided for in the leases as entirely separate from the contingent or prospective mineral interest to which Hand was entitled in view of a probable forfeiture of the leases. In other words, the contract between Hand and O'Brien undertook to describe and convey two distinct interests: First, royalty; and, second, a contingent mineral interest in the land. This being true, O'Brien had a right to negotiate for a sale of either or both of these interests."

The court then holds that the petition was susceptible of the construction that the contract between O'Brien and Jones was for the sale of an interest in the royalty in the sense of an interest in the oil "after being separated from the soil and placed in pipe lines or other depositories, or an interest in the money value thereof." It was then further held by the Commission of Appeals:

"Upon a trial, if it should be found as a matter of fact that the parties were contracting with reference to the entire subject-matter of the conveyance from Hand to O'Brien, plaintiff in error may urge all such rights as he may have under the statute of frauds, as applied to that character of contract. * * *

"Construing the petition as alleging a contract relating to personalty, the statute of frauds has no application."

Upon the last trial the issues submitted were as follows:

"Question No. 1: Did the defendant, Jones, unconditionally agree with the plaintiff, O'Brien, to purchase from the plaintiff the entire interest in the property covered by the contract between J. J. Hand and the plaintiff, O'Brien, at $100 an acre?

"Question No. 2: Did the defendant, Jones, unconditionally agree with the plaintiff to purchase a royalty interest, which is a lesser or different interest, from the plaintiff than that covered by the contract between J. J. Hand and the plaintiff, at $100 per acre?

"Question No. 3: Did the negotiations in reference to sale to Jones, between plaintiff and defendant, cover the entire property interest which plaintiff purchased from Hand?"

The court, in connection with the issues submitted, gave but one instruction, which reads:

"You are instructed that by the term 'royalty,' as used in question No. 2, as submitted to you, is meant a part of the oil or gas or other mineral products after the same have been severed from the soil, as when delivered to the pipe line or other receptacles or its equivalent in money, after its severance from the soil."

The jury returned affirmative answers to issues 1 and 3, and answered issue 2 in the negative, whereupon judgment was rendered for the defendant.

It is admitted the contract between O'Brien and Jones was verbal. It will be observed the answers of the jury established that the parties contracted "with reference to the entire subject-matter of the conveyance from Hand to O'Brien," and under those circumstances Jones could "urge all such rights as he may have under the statute of frauds, as applied to that character of contract." Upon the findings of the jury and the admitted fact that the contract between O'Brien and Jones rested in parol, judgment in favor of Jones was properly rendered, because the contract was not in writing.

---

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The appellant presents about 45 assignments of error and 28 supporting propositions, none of which, in our opinion, present any reversible error. We deem it unnecessary to discuss the same in detail, for, if we err in the conclusion that they are all without substantial merit, the judgment should nevertheless be affirmed, because, as we view the undisputed competent evidence, it establishes completely that the contract between O'Brien and Jones was for the sale by the former of the entire interest which he acquired under the conveyance from Hand. As we view it, reasonable minds cannot differ in that conclusion, and the court should have given the peremptory instruction in his favor requested by Jones. Upon the state of the evidence no other verdict could have been properly returned nor judgment rendered except the verdict which was returned and the judgment which was rendered; hence the errors, if any, complained of by appellant are harmless.

[2] Examination of the evidence discloses that, while the plaintiff and his witnesses in general terms testify that O'Brien was to sell to Jones an interest (one-half) in the "royalty," yet when they undertake to explain what they mean by such royalty, they say it is the entire interest O'Brien was to acquire under the deed from Hand. O'Brien himself testified:

"What I proposed to do was to try and sell the things I had bought. It is my contention that I sold the things I had bought to Mr. Jones. I sold the royalty. It is my contention that I sold to Mr. Jones the things I had bought. As to it being my contention that I sold what I had bought from Hand to Mr. Jones, that's what I thought I was buying. As to it being my contention in effect, if I had made that trade with Mr. Jones at Ranger, Tex., that Mr. Jones would pay over the $64,000, and he would take up my conveyance, and I would give him one, he was to pay me $64,000, and I would give him a deed for his royalty. I was to give him a deed similar to the one I got from Mr. Hand for the same interest that I thought I was buying from Mr. Hand."

Appellant's witness Galbraith testified:

"As a matter of fact, down there at Ranger, at that time, when we were selling the mineral interest in the land, if we owned the lease, we always called it royalty. In this particular case, when I was negotiating with Mr. O'Brien, I was trying to sell him what I called the Hand royalty. I called it the Hand royalty. That's what I called it. When we actually put it down in writing we then called it a mineral interest; one-half interest in all of the minerals, subject to the lease. That's the way it was usually done in the field at that time. The mineral interest was considered the same thing. * * * I discussed with Mr. O'Brien the trade or the supposed trade he had with Mr. Morgan Jones. He told me that he was selling to Morgan Jones the identical stuff that he was buying from Mr. Hand. Mr. O'Brien told me that what Mr. Morgan was buying from him was

the stuff, property, or the interest covered by that assignment. When he sold to Morgan Jones he parted with what he had bought from Mr. Hand. He was selling it all to Mr. Jones. He was selling it all."

The testimony does not present mere conflicting statements by the same witness. In such case it is for the jury to determine which statement they will believe. The testimony of appellant and his witnesses is that an interest in the royalty was to be conveyed, and the royalty they refer to is the entire interest covered by the deed from Hand. The opinion of the Commission of Appeals, supra, expressly holds that the Hand deed conveyed a contingent mineral interest in the land. The statute of frauds applies to a contract for the sale of such an interest. Article 3965, R. S. 1911.

For the reasons stated, the judgment is affirmed.