## DASHKO v. FRIEDMAN.
### No. 4290.

Court of Civil Appeals of Texas. Texarkana.
Feb. 16, 1933.

Saye, Smead & Saye, of Longview, for appellant.

Troy Smith, of Tyler, for appellee.

JOHNSON, Chief Justice.

From a judgment of the trial court sustaining defendant's special exceptions to the plaintiff's first amended original petition, the plaintiff has appealed to this court and assigns error.

Plaintiff's said petition is as follows:

"That on or about the first day of June, 1931, Mayfield Company and Continental Royalty Company were the owners of all the oil, gas and other minerals in, on and under the following described land in Rusk County, Texas, to-wit: (Here follows description.)

"That on or about the first day of June, 1931, the plaintiff, through negotiations with the Continental Royalty Company, secured a verbal offer from the Continental Royalty Company to sell to him an oil and gas lease on said land, to be executed on the customary ⅞ Commercial Oil and Gas Lease form, for the sum of three thousand ($3,000.00) dollars per acre, payable out of one-fourth of seven eighths of the first oil and/or gas, if as and only when same should be produced, saved and marketed from said land; that said agreement with the Continental Royalty Company was made in Dallas, Texas, and with its representative Mr. Cornelison; that plaintiff immediately returned to Tyler, Texas, the Home Office of the Mayfield Company, the other owner of the oil, gas and other minerals in, on and under the lands above described, for the purpose of completing negotiations with them for the execution of an oil and gas lease on their interest in the oil, gas and minerals in, on and under said land.

"That the defendant, Loues Friedman began negotiations with the plaintiff upon his return to Tyler, Texas, at Tyler, Texas, to acquire plaintiff's interest in said oil and gas lease, and it was agreed verbally between the plaintiff and the defendant that the plaintiff would give to the defendant the benefit of his agreement with the said Continental Royalty Company, and would assist him in his efforts to induce the Mayfield Company to join the Continental Royalty Company in said lease, and that in consideration of the services already performed and to be performed by the said plaintiff, the defendant agreed, bound and obligated himself to assign and to transfer to the plaintiff, as soon as said lease was secured, an undivided $\frac{3}{16}$ of $\frac{1}{8}$ of the oil and gas produced and to be produced from said leased premises, as, if and when produced, and in that event only, as an overriding royalty, free of cost and all expense of development and operation of said property.

"That later, because defendant was unable to procure a lease with terms as favorable to him as originally contemplated, it was agreed between defendant and plaintiff, that plaintiff's interest in the transaction should be $\frac{2}{16}$ of $\frac{1}{8}$ of the oil and gas produced and saved from said land, as, if and when produced and in that event only,—instead of $\frac{3}{16}$ of $\frac{1}{8}$ of such production,—and that such interest should be an overriding royalty.

"And defendant agreed to deliver said $\frac{2}{16}$ of $\frac{1}{8}$ of the oil produced and saved from said land to the credit of plaintiff, in the pipe line or tanks to which the wells on said land were connected.

"The agreements between plaintiff and defendant were verbal.

"That the defendant, Loues Friedman, with plaintiff's assistance, completed negotiations with Mayfield Company and Continental Royalty Company for the execution of said oil and gas lease, on or about July 18, 1931, and

the same was duly executed and acknowledged and placed with the Citizens National Bank of Tyler, Texas, to be held by it as escrow agent, pending the drilling of a well thereon, which said well has since been completed as a producer of oil in paying quantities; and said oil and gas mining lease has since been delivered to the defendant.

"That the plaintiff has repeatedly demanded of the defendant that he transfer and assign to plaintiff his interest in said production from said lease, to-wit: $\frac{2}{16}$ of $\frac{1}{8}$ of the oil and/or gas produced from said premises, overriding royalty interest, but defendant has refused and still refuses to do so, and denies that plaintiff is entitled to the interest agreed on, or any interest.

"Plaintiff further alleges that the value of his interest in said production of oil and gas from said lease is twenty thousand ($20,000.00) dollars, and that the defendant by his acts herein complained of has damaged the plaintiff in said sum, which sum he refused to pay to plaintiff after proper demand therefor.

"Wherefore, premises considered, plaintiff prays that defendant be cited to appear herein and answer this petition, and that upon final hearing of this cause that his interest in and to $\frac{2}{128}$ of the oil and gas produced from the aforesaid oil and gas mining lease be established by decree of this court; that the defendant be declared to be a Trustee holding the title to an undivided $\frac{2}{16}$ of $\frac{1}{8}$ interest in and to the oil and gas produced and saved from the above described land for plaintiff and that he be required to assign and convey said interest in the production from said lease to plaintiff, and that he be required to account to the plaintiff for his proportion of the oil and gas produced and saved from said tract of land; and for his costs herein expended; and in the alternative, plaintiff prays that if for any reason the court should find it would be inequitable to declare and establish his rights, title and interest in and to the production from said lease, as herein set forth, that he have judgment against the defendant in the sum of twenty thousand ($20,000.00) dollars, interest and cost.

"Plaintiff prays for such other, further and general relief as the facts in the law may entitle him to, and which the court may deem meet and proper."

The defendant's exceptions which were sustained by the court, specially excepted to plaintiff's petition: "Because it appears that this action is brought for the purpose of recovering an interest in real estate based upon an oral contract and is therefore contrary to the statute of frauds of this state; and because it is an attempt to recover an interest in land on an alleged oral contract without showing that there was any writing of any kind or any memorandum of any writing made and signed, and, therefore, such contract is contrary to the statute of frauds; and because the facts alleged by plaintiff regarding the agreement between plaintiff and the Continental Royalty Company are not sufficient to appraise defendant of the full nature and character of same, or whether or not it was in writing, or of its condition, nor with whom or what officer of said corporation said contract was made."

The judgment of the court sustaining defendant's exceptions recites that plaintiff's attorney announced that: "Under the pleadings filed herein (referring to plaintiff's said amended petition) if the overriding royalty sued for in this action involved real estate that the contract relating thereto was in contravention of the statute of frauds and that defendant's exceptions raising said question should be sustained; and that the court after hearing the pleadings and plaintiff's statement that said exceptions should be sustained if the overriding royalty sued for was an interest in real estate, (the court) being of the opinion that such overriding royalty constitutes and is an interest in real estate, is of the opinion that defendant's special exceptions 1, 2 and 3 should be sustained."

█ The question presented by this appeal for determination is whether or not the subject-matter of the contract, alleged in plaintiff's petition as entered into between plaintiff and defendant, is personal property or real estate. If it was the intention of the plaintiff and defendant, as evidenced by the terms of the oral contract between them, to provide for a conveyance by the defendant to plaintiff of an interest in the mineral in place, then the contract would be within the statute of frauds. If it was their intention to stipulate for an assignment thereof, and if terms of the contract so dealt with the minerals only, after they were produced, then the contract would not be prohibited by the statute of frauds. We are of the opinion that the oral contract as alleged in plaintiff's petition whereby it is alleged that defendant agreed to transfer and assign to plaintiff "$\frac{2}{16}$ of the oil and gas produced and saved from said land, as, if, and when produced, and in that event only," clearly evidences the intention of the parties to, and that they thereby did, contract with relation to the oil and after it should be produced and saved, and in that event only, and not as a mineral interest in the land. The fact that the oil and gas to be received by appellant under the contract is designated as an "overriding royalty" does not make it real estate, or prohibit it from being personal property. It merely denotes its freedom from the burden of production expenses. The contract alleged between the plaintiff and defendant did not undertake to deal with the mineral in fee; but undertook to deal with it, as, if, and when (after) produced (taken out of and severed

from the land),.and in that event only; that is, after it became personal property, and is not within the statute of frauds (Rev. St. 1925, art. 3995). The question here presented was decided by the Commission of Appeals in Jones v. O'Brien, 251 S. W. 208, and the holding again approved in deciding questions certified to by the Court of Civil Appeals of the Ninth Supreme Judicial District in the case of Hager v. Stakes, 116 Tex. 453, 294 S. W. 835, 838; Judge Greenwood speaking for the Supreme Court said: "Jones v. O'Brien (Tex. Com. App.) 251 S. W. 208, which .was correctly followed in O'Brien v. Jones (Tex. Civ. App.) 274 S. W. 242, determined nothing . except that parties may contract for the sale of oil as personalty, after its severance from the soil, and that such a contract is without the statute of frauds."

We are of the opinion that the court erred in holding that the overriding royalty sued for by defendant constitutes an interest in real estate. We are also of the opinion that the facts alleged concerning the purported contract between plaintiff and the Continental Royalty Company, and which plaintiff alleges he gave up to defendant as a part of the consideration for the agreement sued upon in this case, is sufficiently alleged, and that the court erred in sustaining defendant's special exception directed thereto.

The case is reversed and remanded for a new trial.