**HYDROCARBON HORIZONS, INC., Appellant,**

v.

**PECOS DEVELOPMENT CORPORATION and Joe Matkin, Appellees.**

**No. 13–89–371–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1990.

Rehearing Overruled Oct. 4, 1990.

Bob Spann, Spann & Smith, Corpus Christi, for appellant.

J.R. Schneider, Schneider & McWilliams, George West and George H. Spencer, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellees.

Before KENNEDY, UTTER, and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

Appeal is taken by Hydrocarbon Horizons, Inc. ("Hydrocarbon") from the trial court's granting of a summary judgment in favor of Pecos Development Corporation and Joe Matkin ("Pecos"). We reverse the summary judgment.

Hydrocarbon sued Pecos asserting two theories of liability, breach of contract and constructive trust. Pecos was granted summary judgment on the sole ground of Hydrocarbon's non-compliance with the statute of frauds as set out in Tex.Bus. & Comm.Code Ann. § 26.01 (Vernon 1987).

The underlying facts, in the light most favorable to Hydrocarbon, the non-movant, follow. On July 22, 1986, Brian Calhoun, the president of Hydrocarbon, entered into a letter agreement with Joe Matkin, an agent for Pecos. The executed agreement, in its entirety, recites:

This letter will serve to evidence that certain agreement between Hydrocarbon Horizons, Inc., Brian S. Calhoun, et al and Pecos Dev. Corp. or Joe Matkin: whereby Hydrocarbon Horizons has agreed to show two prospects to Pecos Dev. Corp. Both the Clayton Field Prospect in Live Oak Co. and the Cochran Prospect in Colo. Co. are on un acquired [sic] acreage. Should Pecos Dev. Corp. desire to acquire either of these properties within the next twenty-four (24) months Pecos Dev. Corp. agrees to pay Hydrocarbon Horizons et al a finders fee of $12,500 and deliver a $\frac{1}{32}$ of $\frac{8}{8}$ ORRI per prospect. This agreement in no way obligates Pecos Dev. Corp. to pursue either of these prospects past today's viewing, but only serves to protect Hydrocarbon Horizons et al vested time and interest. If you are in agreement please execute in the space provided.

Hydrocarbon's live pleadings allege that Pecos subsequently acquired an interest in the Clayton Field prospect and refused to tender to Hydrocarbon its $12,500 fee and its $\frac{1}{32}$nd overriding royalty interest. The pleading also specifically alleges the creation of a constructive trust, asserting that the information given to Joe Matkin on July 22 was confidential and understood to be Calhoun's work product.

Pecos moved for summary judgment, claiming that the written letter agreement did not satisfy the statute of frauds because the agreement did not sufficiently describe the land in question. The trial court agreed and entered summary judgment on Hydrocarbon's entire cause of action against Pecos.

By its first three points of error, Hydrocarbon contends that the trial court erred in granting summary judgment because the identification of the land in the agreement is sufficient to satisfy the statute of frauds. We agree that the trial court improperly granted summary judgment, but we find that the trial court erred not because the description is necessarily sufficient to satisfy the statute of frauds but because the contract is not subject to the statute of frauds.

The Texas statute of frauds requires that, *with respect to the agreements defined therein,* there must be a written memorandum which is complete within itself in every material detail and which contains all of the essential elements of the agreement, so that the contract can be ascertained from the writings without resorting to oral testimony. *Winchester Oil Co. v. Glass,* 683 S.W.2d 35, 38 (Tex.App.— Texarkana 1984, no writ); *see also* Tex. Bus. & Comm.Code Ann. § 26.01(a) (Vernon 1987). The statute of frauds applies to the following agreements, among others: (1) a contract for the sale of real estate, and (2) a promise or agreement to pay a *commission* for the sale or purchase of: (a) an oil or gas mining lease, (b) an oil or gas royalty, (c) minerals, or (d) a mineral interest. *See* Tex.Bus. & Comm.Code Ann. §§ 26.01(b)(4), 26.01(b)(7) (Vernon 1987). In the present case, we find that the writ-

ten agreement does not fall within either of these categories.

■ First, with respect to Pecos' argument that the ⅟₃₂nd royalty agreement constitutes a sale of real estate, we turn to *Dashko v. Friedman*, 59 S.W.2d 203, 204 (Tex.Civ.App.—Texarkana 1933, no writ). In *Dashko*, the question presented was whether an oral contract for the conveyance of an interest in minerals, after production, was a transfer of real estate and, as such, prohibited by the statute of frauds. The court held:

> We are of the opinion that the oral contract ... whereby it is alleged that defendant agreed to transfer and assign to plaintiff '²/₁₆ of the oil and gas produced and saved from said land, as, if, and when produced, and in that event only,' clearly evidences the intention of the parties to, and that they thereby did, contract with relation to the oil and after it should be produced and saved, and in that event only, and not as a mineral interest in the land. The fact that the oil and gas to be received by appellant under the contract is designated as an 'overriding royalty' does not make it real estate, or prohibit it from being personal property. It merely denotes its freedom from the burden of production expenses. The contract alleged between the plaintiff and defendant did not undertake to deal with the mineral in fee; but undertook to deal with it, as, if, and when (after) produced (taken out and severed from the land), and in that event only; that is, after it became personal property, and is not within the statute of frauds.

Following *Dashko*, the Waco court held that an oral agreement to pay a specified royalty on minerals removed from a tract as compensation for a plaintiff's services in pointing out *unleased* land containing the mineral deposits was not a transfer of an interest in real estate so as to come within the statute of frauds. *See Waco–Tex Materials Co. v. Lee*, 210 S.W.2d 886, 888–89 (Tex.Civ.App.—Waco 1948, writ ref'd n.r. e.); *cf. Stovall v. Poole*, 382 S.W.2d 783, 784 (Tex.Civ.App.—Waco 1964, writ ref'd

n.r.e.) (in which royalties from future production under an *existing* oil and gas lease constituted a conveyance of an interest in real estate and was subject to the statute of frauds). We emphasize that the royalty interest in question is not provided for in an existing oil and gas lease. *See generally Sheffield v. Hogg*, 124 Tex. 290, 77 S.W.2d 1021 (Tex.1934).

The contract alleged by Hydrocarbon was not one for the sale of real estate, so as to fall prey to the statute of frauds. Rather, we find that the main purpose of the contract is for the sale of geological information, and the statute of frauds is not implicated merely because a real estate transaction may be incidentally involved. *See Bridewell v. Pritchett*, 562 S.W.2d 956, 958 (Tex.Civ.App.—Fort Worth 1978, writ ref'd n.r.e.).

■ Second, Pecos argues that the $12,-500 "finder's fee" constitutes a commission under section 26.01(b)(7), placing the agreement within the statute of frauds. We disagree. The statute of frauds requires a sufficient writing before any person may enforce payment of compensation for *services rendered in connection with the sale or purchase of real estate. Janes v. CPR Corp.*, 623 S.W.2d 733, 741 (Tex.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). To be entitled to the finder's fee under the terms of the contract, Hydrocarbon was not required to aid or assist Pecos in obtaining an oil and gas lease. Hydrocarbon earned its fee by simply supplying geological information to Pecos, then passively awaiting Pecos' subsequent leasing in either field. The fee was not for services rendered in connection with the sale or purchase of any oil and gas lease. Hydrocarbon's first three points of error are sustained.

■ By its fifth and sixth points of error, Hydrocarbon contends that summary judgment was improper on its constructive trust cause of action. As previously mentioned, the only ground asserted by Pecos in its motion for summary judgment was the statute of frauds. The statute of frauds is not a bar to the establishment of a constructive trust since such trusts may properly be proved by parol evidence.

*Fain v. Beaver,* 478 S.W.2d 816, 820 (Tex. Civ.App.—Waco 1972, writ ref'd n.r.e.); *see also Winchester Oil Co.,* 683 S.W.2d at 39.

■ It is axiomatic that a party may not be granted judgment as a matter of law on a cause of action not addressed in its summary judgment motion. *See Chessher v. Southwestern Bell Tel. Co.,* 658 S.W.2d 563, 564 (Tex.1983); *Boles v. Texas Nat'l Bank of Waco,* 750 S.W.2d 879, 880 (Tex. App.—Waco 1988, no writ); *Great–Ness Professional Serv., Inc. v. First Nat'l Bank of Louisville,* 704 S.W.2d 916, 918 (Tex.App.—Houston [14th Dist.] 1986, no writ). We need not pass upon the merits of this theory of liability because the theory was pled by Hydrocarbon and not challenged in Pecos' motion for summary judgment. Therefore, Pecos has wholly failed to prove that Hydrocarbon could not succeed upon the theory of constructive trust. *See Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). Points five and six are sustained insofar as they relate to the alleged creation of a constructive trust.

Having addressed all points of error necessary for a proper disposition of this appeal, we decline to reach Hydrocarbon's fourth point of error. *See* Tex.R.App.P. 90(a). The trial court's judgment is REVERSED, and this cause is REMANDED for a trial on the merits.

UTTER, J., not participating.