**PECOS DEVELOPMENT CORPORATION and Joe Matkin, Petitioners,**

v.

**HYDROCARBON HORIZONS, INC., Respondent.**

**No. D–0522.**

Supreme Court of Texas.

Feb. 13, 1991.

Joseph R. Schneider, George West, for petitioners.

Gorge Spencer, San Antonio, for respondent.

PER CURIAM.

Joe Matkin, an employee of Pecos Development Corp. (Pecos) entered into a letter agreement with Hydrocarbon Horizons, Inc. (Hydrocarbon). The letter agreement provided:

> This letter will serve to evidence that certain agreement between Hydrocarbon Horizons, Inc., Brian S. Calhoun, et al and Pecos Dev. Corp. or Joe Matkin: whereby Hydrocarbon Horizons has agreed to show two prospects to Pecos Dev. Corp. Both the Clayton Field Prospect in Live Oak Co. and the Cochran Prospect in Colo. Co. are on un acquired [sic] acreage. Should Pecos Dev. Corp. desire to acquire either of these properties within the next twenty-four (24) months Pecos Dev. Corp. agrees to pay Hydrocarbon Horizons et al a finders fee of $12,500 and deliver a 1/32 of 8/8 ORRI per prospect. This agreement in no way obligates Pecos Dev. Corp. to pursue either of these prospects past today's viewing, but only serves to protect Hydrocarbon Horizons et al vested time and interest. If you are in agreement please execute in the space provided.

Hydrocarbon subsequently sued Joe Matkin and Pecos. Among other things, Hydrocarbon alleged that Pecos acquired an interest in the Clayton Field prospect but refused to tender a 1/32 overriding royalty interest. Pecos moved for summary judgment claiming that the letter agreement did not satisfy the statute of frauds.[1] The trial court agreed and entered summary judgment for Pecos. The court of appeals reversed and remanded. 797 S.W.2d 265. Among other things, the court of appeals held that the conveyance of an overriding royalty interest in future production from unleased land was not subject to the statute of frauds. In denying the application for writ of error, a majority of the court disapproves that portion of the court of appeals opinion holding that the conveyance of an overriding royalty interest in future production from unleased land is not subject to the statute of frauds. *See Consolidated Gas & Equipment Co. v. Thompson,* 405 S.W.2d 333, 336 (Tex.1966).

The application for writ of error of Pecos Development Corporation and Joe Matkin is denied.

---

1. Tex.Bus. & Com.Code Ann. § 26.01 (Vernon 1987).